H. R. CHITWOOD, Appellant, v. C. E. HATFIELD, Defendant; M. L. LONG et al., Respondents.

Kansas City Court of Appeals, May 3, 1909.

**BILLS AND NOTES: Principal and Surety: Delivery: Consideration: Acceptance.** H made his note payable to banker C and secured sureties to sign the same, and thereupon he discounted the note to banker R. Subsequently R secured the without-recourse endorsement of banker C. *Held,* there was no delivery of the note to banker C and no contractual relation between him and the makers of the note and the subsequent endorsement of banker C was wholly insufficient to impose any obligation on him, since there was no delivery to him, **no acceptance** by him and no consideration from him.

Chitwood v. Hatfield.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,* Judge.

AFFIRMED.

*Thomas Dolan* for appellant.

(1) From the facts, it would seem that the respondents should be held to their obligation. (2) If by "no consideration" is meant that no consideration passed from Cunningham, the payee, it is not necessary that consideration proceed from the payee. The note served its purpose. It obtained the money, which on its face it promised to repay, and it is neither good morals nor good law to hold that they who procured the money should not pay it back. Hudson v. Busby, 48 Mo. 36. (3) It was not necessary for any consideration to pass to Cunningham from Chitwood, even if it could be held that none did pass because "It constitutes no defense on behalf of the maker, and he has no concern with the fact whether or not, the holder of commercial paper paid value, or that it was endorsed without consideration, unless he has been deprived of his right or has been defrauded or lost some defense which he might have had, against the original holder or payee had he retained the paper." Joyce on Defenses to Commercial Paper, sec. 240, and cases cited; Bank v. Frick, 75 Mo. 178; 2 Am. St. 68; Stone v. French, 37 Kan. 145, 1 Am. St. 237.

*Cole, Burnett & Williams* for respondents.

(1) The note offered in evidence by plaintiff was, upon the objection made by defendants, inadmissible. (2) No contractual relations were ever created or existed as between the respondents and T. W. Cunningham, the payee. Such relations could not be created without Cunningham's acceptance of the note, which never occurred. (3) Plaintiff got possession of the note in evi-

dence, with full knowledge of the payee's refusal to accept it; he caused the note to be changed by the addition of a new name as a maker, without the knowledge either of the payee or the original signers as makers. Powell v. Banks, 146 Mo. 643; Girdner v. Gibbons, 91 Mo. App. 412; Bank v. Myers, 50 Mo. App. 157; Allen v. Dorman, 57 Mo. App. 291; Lunt v. Silver, 5 Mo. App. 186; Laws 1905, page 254, sec. 89; Morrison v. Garth, 78 Mo. 434; Hord v. Taubman, 79 Mo. 101; Johnson v. Parker, 86 Mo. App. 660. (4) The payee, Cunningham, never paid any consideration for the note in evidence, had refused to accept it, thereby dishonoring it, was at no time the holder of it in any legal sense, and knowing all this, plaintiff procured physical possession of the paper, caused it to be altered and got it endorsed to himself, without consideration. Such endorsement did not constitute plaintiff "a holder in due course." Laws of 1905, sec. 52, pp. 249, 250; Laws of 1905, sec. 56, p. 250; Laws of 1905, sec. 54, p. 250.

JOHNSON, J.—This is an action on a negotiable promissory note brought by plaintiff against defendants Hatfield, Long, Rozelle and Lortz. Hatfield was the principal maker. The other defendants signed the note as sureties. Among other defenses, the sureties alleged that the note was without a consideration, that it was not delivered to the payee and that it was not endorsed by the payee to plaintiff "for value received."

The cause was tried to the court without the aid of a jury. No declarations of law were asked or given. Judgment was rendered for plaintiff against Hatfield, but in favor of defendant sureties. Plaintiff appealed.

There is no substantial controversy over the facts of the case. Plaintiff was a banker at Carl Junction, a town about nine miles from Joplin. Hatfield was a customer of plaintiff and was indebted to him on a note and overdraft. He applied to plaintiff for an additional loan of $700, and was referred to T. W. Cunningham, a banker

at Joplin, with whom plaintiff kept an account. He went to Cunningham's bank, obtained a blank note, filled it out, signed it and procured the signatures of defendants, Long and Rozelle, and of three other sureties, viz., H. S. Bowman, J. W. Jameson and Joseph Story. Afterward, he presented the note to Cunningham, who refused to accept it on the ground that the security was insufficient. A day or two later, Hatfield saw plaintiff at Carl Junction and told him of the refusal of Cunningham to take the note. Plaintiff advised Hatfield to procure defendant Lortz as a surety and said that he "would see that defendant got the money on it." Hatfield induced Lortz to sign the note and then returned to plaintiff who cashed the note which was made payable to the order of Cunningham and would become due six months after its date. At no time did Cunningham promise to lend any money to Hatfield nor had he authorized plaintiff to make such loan. A few days after obtaining the note, plaintiff took it to Cunningham who endorsed it without recourse at plaintiff's request. It is a general as well as a statutory rule of law that "every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto." [Sec. 16, page 245, Laws 1905.] By the terms of the note, the sureties undertook to enter into contractual relations with Cunningham, the payee named therein. They did not propose to contract with plaintiff, and it would seem to be too clear for serious discussion that they could become bound only in the event of a delivery of the note to Cunningham and his acceptance thereof. Until he should bring himself into a contractual relation with them and their principal, the contract necessarily remained incomplete and in fact and law, was no contract at all. Plaintiff, who did not act as the agent of Cunningham, did not make him a party to the contract by voluntarily cashing the note, nor could he make himself an original party without the consent of the sureties. We think

he could not give life to the contract by subsequently obtaining the indorsement of Cunningham without recourse. Already he had voluntarily parted with his money on his own responsibility. At no time did Cunningham assume any contractual oligations to the makers of the note. There was no delivery of the instrument to him, no acceptance thereof by him, and no consideration from him to the makers. Since he never became a party to the contract, his indorsement without recourse which imposed no obligation on him did not constitute him a party and was ineffective for any purpose. Authorities in point may be found in the briefs of counsel.

We conclude that the learned trial judge was right in discharging the sureties. Accordingly the judgment is affirmed. All concur.